### NICKOLSON v. WHEELING, L. E. & P. COAL CO.

#### (Circuit Court, D. New Jersey. February 8, 1901.)

CORPORATIONS—SERVICE OF PROCESS—NEW JERSEY STATUTE.

Laws N. J. 1896, p. 277, c. 185, requires every corporation, under a penalty, to file annually with the secretary of state a statement giving its principal office in the state, and the name of the agent in charge, upon whom process against the corporation may be served, and authorizes service on such agent. Previously the statute provided for service only on officers or directors of the corporation. A corporation previously organized designated its principal office in the state, as required by the statute then in force, at the office of an attorney, to whom it paid a sum as rental, and for keeping the books which were required to be there kept. It failed to designate any agent under Act 1896, and was subsequently adjudged insolvent, and a receiver appointed for its property, who discontinued the payments to the attorney. *Held*, that service upon the attorney in an action thereafter brought against the corporation was not a good service on the corporation, under the statute.[1]

On Motion to Set Aside Service of Process.

James E. Howell, for the motion.
Edward Q. Keasbey, opposed.

KIRKPATRICK, District Judge. It appears from the agreed state of facts stipulated by the attorneys of the respective parties herein that the defendant is a corporation organized under the general corporation laws of the state of New Jersey August 7, 1888; that, in accordance with the provisions of the law then in force, the defendant company filed in the office of the secretary of state of New Jersey a list of its directors, and designated the location of its principal office or place of business in the state of New Jersey; that the office of the company was a part of the premises used by Walter Kip for a law office, and that the company paid Walter Kip the sum of $25 per annum for their use of the same, and for his services in taking charge of the books of the corporation required by law to be kept therein. This payment was made by the company to Kip from the date of its organization until January, 1897, when a receiver was appointed for said corporation on the ground of insolvency. From the date of the incorporation of the company until 1896 the law relating to the service of process in personal ac-

[1] Service of process on foreign corporations, see note to Eldred v. Car Co., 45 C. C. A. 3.

tions on resident corporations was set out in section 87 of the act of 1875 (Revision N. J. p. 924), which provides as follows:

"That whenever any personal action shall be commenced against a corporation in any of the courts of law of this state, the first process to be made use of may be a summons a copy whereof may be served on the president or other head officer of said corporation, or left at his dwelling house or usual place of abode, * * * and in case the president or other chief officer can not be found in this state * * * then a copy of said summons shall be served upon the clerk or secretary and if no clerk or secretary then on one of the directors. * * *"

Section 49 of the same act provided that it should be the duty of the directors of every corporation each year to file in the office of the secretary of state a complete list "* * * of the names of the directors, trustees and officers of said corporation, with the residence of each, and also to designate the business and location of the principal office or place of business of the company in this state." It is apparent from a consideration of these sections that "the designation of the business and location of the principal office or place of business of the company" was not required for the purpose of providing a means through which service of process might be made upon the corporation, for the law expressly provides for such service upon the president or chief officer, the clerk or secretary, or a resident director, personally or at their respective places of abode. In 1896 there was a change in the law, and the forty-third section of an act respecting corporations (chapter 185, p. 277, Laws 1896) provided that every corporation should file annually with the secretary of state the "names of all directors and officers," etc., "* * * and the location * * * of its principal office in this state, and the name of the agent in charge of said office upon whom process against the corporation may be served," and provided that every corporation failing to comply with the law in this respect should forfeit to the state $200, to be recovered, etc. The law of 1896, supra, in section 87, also provided that "in any personal action commenced against any corporation in any of the courts of law in this state the first process to be made use of may be a summons a copy whereof may be served on the president or other head officer or agent in charge of its principal office in this state or left at his dwelling house or usual place of abode * * * and in case said president or other head officer or agent can not be found * * * then a copy of said summons shall be served" on the clerk or secretary or on one of the directors, etc. The effect of this section was to add to the number of those upon whom process against the corporation might be served a person whom the company thereafter and from time to time should designate for the purpose and place in charge of its principal office. The law went into effect July 4, 1896; the company failed and neglected to designate any agent in charge; and in January, 1897, the company was judicially declared insolvent, and its directors and officers enjoined from exercising any of the privileges or franchises of the corporation, and a receiver was appointed to take the charge and management of the company's affairs. Until the receiver's appointment the defendant company rented its principal office in New Jersey from

Mr. Walter Kip, and, in addition to the payment to him of rent therefor, remunerated him for his care of their books which the law required them to keep therein. The company never made him agent in charge upon whom process might be served, nor did he become such from the fact that he was the landlord of the corporation and the custodian of their property. Upon the appointment of the receiver it may be presumed that he, in accordance with his duty, took charge of the books of the company; and, from his failure to pay rent, it may be inferred that he relinquished the office which the company had rented from Mr. Kip. The duties of Mr. Kip were ended, his connection with the company severed. He never had been designated as agent in charge upon whom service could be made and upon the receiver's appointment; was in no sense an employé or agent of the company upon whom devolved any duty to notify the receiver, who became the custodian of the interests of the corporation, that service of process had been made upon him. In my opinion, the service of the summons in this case upon Walter Kip was insufficient, and should be set aside.